IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| MARK ALLEN )<br>    Plaintiff, )<br>v. )<br>  )<br>GILES COUNTY CLERK'S OFFICE )<br>    Defendant. ) | Civil Action No. 1:19-cv-56<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

### BACKGROUND

By Order February 26, 2020, (Docket No. 21), the Court referred this action to the undersigned magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

This is an action brought by the pro se Plaintiff against Giles County under 42 U.S.C. § 1983, seeking the reinstatement of his driver's license. Plaintiff contends that his license was revoked at some point and despite his efforts to have it reinstated, he has been repeatedly advised by the Giles County Clerk that he cannot have the license reinstated until he pays all outstanding court costs. The court costs have allegedly increased exponentially up to a point where he cannot afford to pay them but requires a driver's license in order to function. Upon initial review, the Court found that the Plaintiff had, "at least potentially, stated a colorable claim under 42 U.S.C. § 1983 based on a deprivation of the right to due process and equal protection." Docket No. 6.

### LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude

when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

**B.     The Case at Bar**

Plaintiff has failed to take any action to advance this litigation in almost two years. Plaintiff filed a motion to reset the initial case management conference on December 11, 2019. Docket No. 19. Plaintiff participated in the initial case management conference with Magistrate Judge Joe Brown on January 8, 2020. Plaintiff has taken no further action with respect to this litigation.

A "defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009)(internal quotations marks and citations omitted). While the Defendants have not been forced in invest time and resources to defend this case, they are still named parties to a federal lawsuit. All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene.

For the reasons set forth herein, the Court respectfully recommends this action be

**DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                               **JEFFERY S. FRENSLEY**
                                                               **United States Magistrate Judge**

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.